408 A.2d 478

**Robert C. FURMAN, Administrator of the Estate of Deloris Jean Furman, Deceased, Appellant,**

**v.**

**Elio FRANKIE, Margaret Frankie, Alverda Miller, and Helen Yowonski, Individually and jointly, and t/a Rocky's Tavern.**

**Robert C. FURMAN, Administrator of the Estate of Deloris Jean Furman, Deceased, Appellant,**

**v.**

**CITY OF CONNELLSVILLE.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1978.

Filed Aug. 1, 1979.

Petitions for Allowance of Appeal Denied Nov. 29, 1979.

Michael Hahalyak, Pittsburgh, for appellant.

William M. Radcliffe, Uniontown, for appellees Elio Frankie and Margaret Frankie.

Paul V. Mahoney, Uniontown, for City of Connellsville.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

VAN der VOORT, Judge:

These are actions filed respectively against the proprietors of a tavern, and against the City of Connellsville under the Wrongful Death Act and under the Survival Act. Under each Survival Act damages are claimed by reason of the death of the decedent and for pain and suffering preceding her death.

The cases were consolidated for jury trial. At the end of plaintiff's case as to liability Judge Munson, now retired, granted compulsory non-suits. A court en banc refused plaintiff's motion to remove the non-suits and plaintiff has appealed.

We reverse and remand for new trial.

The action against the tavern owners is founded principally upon a violation of the Dram Act and the Liquor Code; and assault and a fracas within the bar with consequent injury and death to plaintiff's decedent.

The action against the City is founded upon the failure of its police officer to provide medical and other needed care to decedent when she was arrested.

The plaintiff's case as to liability was developed through the testimony of decedent's sister, a niece, and a forensic chemist for the State Police Department.

The chemist testified that she made a blood alcohol analysis of decedent's blood on November 27, 1972 which determined that the blood alcohol content was 0.15% (T.135).

The sister, Margaret Ann Giles, and the niece, Coletta Miller developed that the decedent, an adult woman:

1. Was a patron in defendant's tavern on November 24, 1972;

2. That she appeared to be in good health;

3. That she was served beer and/or whiskey when her appearance and actions indicated she was not in control of herself;

4. That a quarrel broke out between her and a barmaid (one of the defendant-owners) sometime around midnight;

5. That she was then slapped by the bar maid and then struck on the forehead with a full bottle of beer with considerable force—"just like bones or something cracking . . . like a busting noise"; (T.15)

6. That this caused her to bleed from the mouth and nose (T.16 and T.96);

7. That she was arrested and taken to jail although her sister asked that she be taken to a hospital;

8. That she lay in an unconscious condition in the jail cell in a pool of blood (T.107);

9. That the police sergeant refused to permit her removal to a hospital until a fine was paid the next morning at 5 A.M.

10. That at approximately 1:45 A.M. November 25, 1972 she was found in her cell "apparently dead"; and taken to a hospital where she was pronounced dead.

Judge Munson ordered the non-suit because there was no medical evidence "as to just what caused this woman's death" (T.179). The court en banc affirmed.

We hold that the testimony offered by plaintiff reasonably tended to prove circumstances sufficient, without medical testimony, to make out a prima facie case that the death of decedent was caused by the injuries she received in the tavern and the events occurring subsequent thereto. We believe that the case comes within the principle stated in *Tabuteau v. London Guarantie and Accident Company*, 351 Pa. 183, 186, 40 A.2d 396, 398 (1945) that "expert testimony is not necessary where death (or injury) is so immediately and directly, or naturally and probably, the result of accident that the connection between them does not depend solely on the testimony of professional or expert witnesses . . . ."

We point out, in passing, that a claim is made in each of the Survival Act cases for injuries, including pain and suffering, which occurred before the decedent died. At least argumentatively, if liability was proved prima facie against the tavern owners and/or the City of Connellsville, and if again, argumentatively, there had been insufficient evidence that the death was caused by either or both defendants, the plaintiff would appear entitled to recover some damages for the injuries received before death.

We reverse and remand for a new trial.