423 A.2d 381

**COMMONWEALTH of Pennsylvania**

v.

**Raymond R. HARTZELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Dec. 1, 1980.

Lawrence B. Fox, Bethlehem, for appellant.

John Gallagher, District Attorney, Easton, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and ROBERTS, JJ.*

* Justice Samuel J. Roberts of the Pennsylvania Supreme Court is sitting by designation.

BROSKY, Judge:

Appellant was convicted of homicide by vehicle[1] and the summary offense of failing to yield the right of way at a stop sign,[2] after an accident which resulted in the death of a passenger.

On November 16, 1977, appellant's automobile collided with a car operated by Betty Schaffer. Ada Eckert, a passenger in the Schaffer vehicle, died from injuries resulting from the accident.[3]

Appellant was sentenced on May 30, 1979.

The sentence of the court is the defendant pay the costs of prosecution and undergo an imprisonment for a period of not less than one and one–half years and not more than three years. Credit for any time served in this instant offense and stand committed until this sentence is complied with. Defendant remanded to Northampton County Prison. Summary charge is dismissed.

Appellant asserts that the court improperly instructed the jury. The court refused to state that in order for the jury to find appellant guilty of homicide by vehicle, they must find his actions were either reckless or grossly negligent.[4] Hartzell says that his instruction is constitutionally required.

1.  75 Pa.C.S.A. 3732.

2.  75 Pa.C.S.A. 3323(b).

3.  On February 27, 1978, the jury found appellant guilty of homicide by vehicle and not guilty of driving under the influence of alcohol. Post–trial motions were filed July 5, 1978, motion for new trial on the charge of homicide by vehicle was granted. On February 28, 1978, appellant pleaded guilty to the charge of failing to stop at a stop sign. Hartzell was ordered to pay costs of prosecution and a fine of $25. On August 15, 1978, appellant was found guilty at a second trial by jury of homicide by vehicle. Post–trial motions were filed and dismissed.

4.  The trial court refused appellant's requested point for charge, which stated:
    "13, you are instructed that an act by a defendant that is merely negligent is not sufficient to permit a conviction of the charge of homicide by vehicle. An essential element of proof to sustain a conviction of this crime is an act done in a reckless or grossly negligent manner."

Under the 1977 Vehicle Code, homicide by vehicle occurs when:

§ 3732.  Homicide by vehicle

Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death. 1976, June 17, P.L. 162, No. 81, § 1, eff. July 1, 1977.  75 Pa.C.S.A. 3732.

The Commonwealth must only establish three facts to prove homicide by vehicle:

1.  That the defendant violated any law of this Commonwealth or municipal ordinance;

2.  That a death occurred;

3.  That the violation was the cause of death.

There is no additional element of reckless or grossly negligent conduct required by the statute.  Thus, on the face of the statute, appellant's request for charge (fn. 4, supra.) was improper.

The Pennsylvania Supreme Court has held in *Commonwealth v. Field*, 490 Pa. 519, 417 A.2d 160 (1980), that the elements required under this statute are constitutional.  The court held the statute was not invalid because it did not require intent.

Appellant also argues that 75 Pa.C.S.A. 3732 is impermissibly vague and overbroad.  He contends—if a criminal statute fails to give reasonable notice of the conduct it proscribes—it is void.

In *Commonwealth of Pennsylvania v. Burt,* 490 Pa. 173 at 177, 415 A.2d 89 at 92 (1980), the Supreme Court held that Section 3732 contains entirely reasonable standards.

Here it is clear that section 3732 contains entirely reasonable standards.  With unmistakable clarity, Section 3732 defines "homicide by vehicle" as a death caused by any person's conduct violating law or municipal ordinance

applying to vehicles or traffic regulations. This section does not employ "ambigious" (sic) words "archaic classifications," or words with "numerous and varied" meaning. Compare *Colautti v. Franklin*, supra, ("viability" determination requirement of statute regulating physicians' performance of abortions void), *Papachristou v. City of Jacksonville*, 405 U.S. 156, 163, 92 S.Ct. 839, 843 [31 L.Ed.2d 110] (1973), ("vagrancy" ordinance drafted in terms of archaic English poor laws invalid), and *Lanzetta v. State of New Jersey*, 306 U.S. 451, 59 S.Ct. 618 [83 L.Ed. 888] (1939) (voiding statute making it a crime to be a member of "gang"). Accordingly any, vagueness challenge must be rejected. See *United States ex rel. Almeida v. Rundle*, 383 F.2d 421, 426 (3d Cir. 1967) (upholding former felony–murder statute).

The underlying Vehicle Code provision violated in this case, Section 3323(b) provides:

(b) Duties at stop signs.–Except when directed to proceed by a police officer or appropriately attired persons authorized to direct, control or regulate traffic, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line or, if none, before entering a crosswalk on the near side of the intersection or, if none, then at the point nearest the intersecting roadway before entering. After having stopped, the driver shall yield the right–of–way to any pedestrian in a crosswalk or to any vehicle in the intersection or approaching on another roadway so closely as to constitute a hazard during the time when the driver is moving across or within the intersection or junction of roadways.

Consistent with the culpability requirement, Section 3323(b) left for determination at trial whether appellant knew or should have known, he engaged in the conduct claimed to be in violation of that section.

At trial, the appellant submitted a point (25) for charge which point the judge adopted:

And I will affirm point 25: "If you find from the evidence that the defendant failed to stop his automobile at the

intersection in question because the braking system of the defendant's automobile failed to adequately stop the defendant's automobile and that the defendant's failure to stop at the intersection was not because of a disregard by the defendant of the stop sign at the intersection of the accident, you must acquit the defendant of the charge against him."

The Commonwealth presented an expert who testified that the brakes on Hartzell's vehicle were functioning properly at the time of the accident. The jury found appellant guilty of homicide by vehicle. And, on February 28, 1978, the appellant pleaded guilty to the summary charge of failing to stop at the stop sign. The court's instruction was proper.

Appellant alternatively challenged the Court's refusal to charge the jury claiming that he could not be found guilty unless he acted culpably, as defined by the Crimes Code.[5] He reasons that because a conviction of the offense of homicide by vehicle may result in a criminal penalty of a maximum of five years imprisonment, culpability is required.[6]

The appellant raises an issue regarding the necessity of proving culpability under the crimes code. This matter has already been considered and rejected in *Commonwealth v. Field*, supra, 490 Pa. at 524, 417 A.2d 163.

Appellant challenges the sufficiency of the evidence to sustain the verdict. In determining whether the evidence is sufficient, the fact, and all reasonable inference arising therefrom, must be viewed in the light most favorable to the Commonwealth. *Commonwealth v. Jacobs*, 247 Pa.Super. 373, 372 A.2d 873 (1977); *Commonwealth v. Zeringo*, 214

5. 18 Pa.Cons.Stat.Ann. 302, the court refused appellant's point for charge that cited this section: "14. The defendant cannot be found guilty of the offense of homicide by automobile unless he acted intentionally, knowingly, recklessly, or negligently, as the law may require, with respect to each material element of the offense."

6. Homicide by vehicle is a first degree misdemeanor, 75 Pa.C.S.A. 3732.

Pa.Super. 300, 257 A.2d 693 (1979); *Commonwealth v. Bey*, 221 Pa.Super. 405, 292 A.2d 519 (1972).

The record discloses that the Commonwealth established that Hartzell did not come to a complete halt at a stop sign and that his vehicle hit the passenger side of the Schaffer automobile. Some testimony was presented that the estimated speed of appellant's car as between 40 to 50 miles per hour as it approached the intersection. A mechanic who looked at appellant's car after the accident has stated that Hartzell's brakes were operating properly when the accident occurred. The evidence presented established appellant failed to yield the right of way, and this violation of the Vehicle Code resulted in the unintentional death of Ada Eckert.

We hold the Commonwealth presented sufficient evidence.

Hartzell's next question charges the lower court with error in imposing sentence on appellant in excess of other sentences imposed by the Northampton County Courts upon others.

Appellant cites 14 cases from the period 1975 through 1979 but incorrectly labels several of them "homicide committed by automobile." The statute "Homicide by Motor Vehicle" 3732, supra, did not become effective until July 1, 1977, and the cases cited by appellant which occurred before that date are not controlling. In those cases–which occurred after the act came into effect–defendants were either acquitted or not sentenced.

The Pennsylvania Supreme Court has ruled in a matter closely associated with this issue. In *Commonwealth v. Burton*, 451 Pa. 12, 301 A.2d 675 (1973), it held that codefendants need not receive equal sentences. See also, *Commonwealth v. Dockins*, 263 Pa.Super. 164, 397 A.2d 798 (1979). While Hartzell does not complain about circumstances involving a codefendant, he does allege that his sentence should be reduced simply because it differs from that given to persons convicted under similar crimes. This is illogical when viewed in light of our strongly held decision

that each sentence which is within the limits of punishment provided in a statute is permissible if based upon the individual need of society and the defendant. *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). Therefore, sentences will vary according to each individual's circumstances and society's needs.[7]

A review of the 14 cases does not support appellant's position that the sentence of the appellant was in error or that the sentence was not in accord with other sentences imposed in Northampton County.

Judgment affirmed.

7. We will not approach any discussion of the issues involved in *Commonwealth v. Riggins*, supra, because the appellant has not questioned the efficacy of the judge's sentence on ground involving the trial court's colloquy or reasoning. Rather, Hartzell–only alleges–his sentences were improper because it differed from that given to others.