445 A.2d 544

**COMMONWEALTH of Pennsylvania**

v.

**William W. BAKER, Appellant.**

Superior Court of Pennsylvania.

Argued April 29, 1981.

Filed May 7, 1982.

242

Joseph B. Policicchio, Somerset, for appellant.

Raymond J. Zadzilko, Assistant District Attorney, Ebensburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant was convicted of homicide by vehicle, driving while under the influence of alcohol, and the summary offense of meeting a vehicle proceeding in the opposite direction as a result of a two-car collision in Somerset County. On this appeal, he alleges several errors by the lower court. For the reasons that follow, we reverse appellant's conviction for homicide by vehicle, and affirm in all other respects.

On January 19, 1979, at approximately 10:30 p. m., appellant left the home of a friend after consuming eight 12-ounce cans of beer in less than three hours. Shortly thereafter, as he was headed south on Route 280, appellant's automobile crossed the center line of the highway and crashed head-on into the automobile driven by Herbert L. Ringler. Mr. Ringler was pronounced dead at the scene. Appellant was taken to Somerset Community Hospital for treatment of several facial injuries, where, at police request, he consented to a blood test to determine his blood alcohol content. The test results indicated that appellant's blood alcohol level was .32. Appellant was later charged with homicide by vehicle, driving while under the influence of alcohol, and meeting a vehicle proceeding in the opposite direction. Following his conviction on all charges, the denial of post-trial motions, and the imposition of sentence, appellant took this appeal.

Appellant contends first that the lower court erred in failing to suppress the results of his blood test. We disagree. The Commonwealth must show by a preponderance of the evidence that the challenged evidence is admissible. Pa.R.Crim.P. 323(h); *Commonwealth v. Brown*, 473 Pa. 562, 566, 375 A.2d 1260, 1262 (1977). In reviewing a suppression court's ruling, we must determine whether the record supports its findings of fact, inferences, and conclusions of law. *Commonwealth v. Brown, supra*, 473 Pa. at 566, 375

A.2d at 1262; *Commonwealth v. Goodwin*, 460 Pa. 516, 521, 333 A.2d 892, 895 (1975). When a suppression court denies the motion, we "will consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole remains uncontradicted." *Commonwealth v. Brown, supra,* 473 Pa. at 566, 375 A.2d at 1261. *See Commonwealth v. Kichline,* 468 Pa. 265, 280, 361 A.2d 282, 290 (1976). Read in this light, the testimony at the suppression hearing reveals that appellant's automobile unexpectedly crossed the center line of the highway and crashed into Mr. Ringler's automobile. At the hospital, the investigating officer found appellant to be conscious and coherent, but with bloodshot eyes, an unsteady gait, and the strong smell of alcohol on his breath. The officer requested that appellant submit to a blood test, and informed him of the penalty for noncompliance. Appellant consented both orally and in writing. The nurse and attending physician testified that appellant was alert and aware when he gave consent to the test. The treating physician opined that there was no reason why appellant would not remember the events at the hospital. We are satisfied that the record adequately supports the suppression court's finding of consent. *Cf. Commonwealth v. Webb,* 491 Pa. 329, 421 A.2d 161 (1980) (testimony of police officers and medical personnel concerning defendant's alertness, coherence, and apparent lack of distress and discomfort established that the statement was voluntarily given).[1]

1. Appellant also contends that he should have been given a breathalyzer instead of a blood test. Although a breathalyzer is usually preferable as the least intrusive means of determining blood alcohol content, "[t]he statute does not require an absolute showing that a breathalyzer was impossible of performance." *Commonwealth v. Lee,* 257 Pa.Superior Ct. 326, 329, 390 A.2d 845, 847 (1978). Appellant was already hospitalized for a broken nose and cheekbone. His treating physician testified that his injuries would affect his breathing and blowing. Appellant was in no condition to make the two mile trip to the police barracks for the breathalyzer test. Under all the circumstances, the blood test was "the most convenient and practical method which could have been utilized in this situation." *Id.*

■ Appellant contends next that the trial judge should have recused himself because he had presided at the suppression hearing. We disagree. Appellant was not prejudiced by the actions of the judge. The evidence adduced at the suppression hearing did not concern the summary offense of which the judge was the sole trier of fact. As to the remaining offenses, the jury was the sole trier of fact. *See Commonwealth v. Pettiford*, 265 Pa.Superior Ct. 466, 469, 402 A.2d 532, 533 (1979). Appellant's vague assertions that the trial judge's dual role may have influenced his evidentiary rulings and jury instructions are simply unsupported by the record and patently frivolous.

■ Appellant contends next that the lower court erred in not granting his demurrer to the charge of driving while under the influence of alcohol. "In ruling on a demurrer, the proper test to be applied by the trial court is whether the Commonwealth's evidence and all reasonable inferences therefrom is sufficient to support a finding by the trier of fact that the accused is guilty beyond a reasonable doubt." *Commonwealth v. Wimberly*, 488 Pa. 169, 171, 411 A.2d 1193, 1194 (1979). *See also Commonwealth v. Matsinger*, 288 Pa.Superior Ct. 271, 431 A.2d 1043 (1981). Appellant consumed eight cans of beer in less than three hours. His automobile crossed the center line of the highway without reason and crashed into the victim's vehicle. His blood alcohol level two hours after the accident was extraordinarily high at .32. See 75 Pa.C.S.A. § 1547(d)(3) (.10 raises the rebuttable presumption of intoxication). His eyes were bloodshot, his walk staggered, and he reeked of alcohol. We are satisfied that the evidence was more than sufficient to justify the lower court's ruling.

■ Appellant contends finally that the opinion of the lay county coroner was, as a matter of law, insufficient to prove that Mr. Ringler had died as a result of the accident. We agree. Homicide by vehicle is defined in 75 Pa.C.S.A. § 3732 as:

Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death.

Our Supreme Court has held that the legislature, in enacting this section, intended to "expand the scope of criminal liability for violations of the Vehicle Code causing death." *Commonwealth v. Field*, 490 Pa. 519, 525 n.4, 417 A.2d 160, 163 n.4 (1980). "This legislative 'expansion' was accomplished not by the elimination of any of the elements of the crime of involuntary manslaughter, but by a relaxation of the degree of proof of two existing elements: culpable conduct and causation." *Commonwealth v. Houtz*, 496 Pa. 345, 348, 437 A.2d 385, 387 (1981). As in involuntary manslaughter, the Commonwealth must establish that the victim died, and that his death was a result of injuries sustained in the incident or of a chain of events stemming from the incident in order to prove homicide by vehicle. Unlike involuntary manslaughter, however, the Commonwealth need then only show that "the actor 'knew or should have known,' that he engaged in the conduct claimed to be in violation of the Vehicle Code and that at the very least, death was a 'probable consequence' of the conduct." *Id.* Thus, although the homicide by vehicle statute lessens the Commonwealth's burden of proving that the defendant's *illegal conduct* was the legal cause of the victim's death, the Commonwealth must still prove *beyond a reasonable doubt* that death occurred as a result of injuries received in the incident or of a chain of events stemming from the incident. If the Commonwealth fails to prove any one of the elements, it has not established homicide by vehicle.

We find that the Commonwealth has failed to prove beyond a reasonable doubt that the victim died as a result of injuries received in the accident or of a chain of events stemming from the accident. The only evidence as to the

cause of death was the opinion of the lay county coroner. He testified that he was called to the scene by the investigating officer, and preliminarily "checked as best I could at the scene in the darkness that he died of a fracture of the skull." (N.T. October 22, 1979 at 8). He then stated that he believed the cause of death to be fractures of the skull and neck and crush injuries to the chest. (*Id.* at 14). He did not give any indication as to how he reached his conclusion except for his preliminary examination on the scene. He did not hold an inquest, nor order an autopsy by a certified pathologist despite his belief that Mr. Ringler had suffered a "violent or suspicious" death.

> If, upon the investigation by the coroner, he shall not be satisfied thereby that the death resulted from natural causes, or by suicide, he shall proceed to conduct an inquest upon a view of the body as provided by law. In the conduct of the inquest, the coroner may require such an autopsy as may be necessary in accordance with law. At the inquest the coroner's duty shall be to ascertain the cause of death and whether any person other than the deceased was criminally responsible therefor by act or neglect, and, if so, the identity of the person and any further evidence and witnesses regarding the crime.

Act of August 9, 1959, P.L. 323, § 1238, 16 P.S. § 1238. Although an autopsy is not required in every case, *Commonwealth v. Haley*, 359 Pa. 477, 59 A.2d 62 (1948), the Commonwealth must nonetheless be able to show in a criminal homicide case that the victim died as a result of injuries sustained in his encounter with the defendant, or from a series of events stemming from the encounter. In finding an autopsy advisable but not required in *Haley*, the Supreme Court relied upon the testimony of two doctors who had examined the body of a nineteen-year-old stabbing victim. One of the doctors was the surgeon who had unsuccessfully operated to stop the hemorraging, and the other was the physician/coroner. The Court found the testimony sufficient to establish that the victim died of a stab wound to the

spleen and ensuing post-operative complications, notwithstanding the coroner's laxity in failing to perform an autopsy or hold an inquest.

There is no medical testimony in the record before us to overcome the coroner's failure to order an autopsy or inquest. The coroner testified that generally when the injuries are massive, he does not order an autopsy. Indeed, he testified that he avoided autopsies whenever possible because "most of the time people do not like to have postmortem examinations performed on their loved ones." (N.T. October 22, 1979 at 21). Although the coroner's concerns are laudable, they in no way affect the burden of the Commonwealth in a criminal homicide trial. The Commonwealth relied on the coroner's naked assertion to prove the cause of Mr. Ringler's death.[2] There is no evidence that he gave anything other than a cursory examination at the scene. He did not support his assertion with any physical evidence or description, or the testimony of a trained physician. Further, despite being a layman, he did not order an autopsy or inquest to determine the actual cause of death. The Commonwealth has failed to meet its burden. Regrettably, we must reverse appellant's conviction for homicide by vehicle.[3]

Judgment of sentence for homicide by vehicle reversed and appellant discharged. Judgments of sentence for driving while under the influence of alcohol and meeting a vehicle proceeding in the opposite direction are affirmed.

**2.** The Commonwealth contends that expert testimony is not necessary to prove the cause of death when the death is the result of a sudden and traumatic injury. *Furman v. Frankie*, 268 Pa.Superior Ct. 305, 408 A.2d 478 (1979). The Commonwealth has not cited, nor have we found, any criminal case finding such evidence sufficient to satisfy all reasonable doubts as to death. Although such evidence may be sufficient to establish cause of death by a preponderance of the evidence, it does not satisfy the more stringent standard of criminal trials.

**3.** Because of our disposition of the homicide by vehicle conviction, we need not address appellant's remaining contentions.