452 A.2d 1379

**COMMONWEALTH of Pennsylvania,**

v.

**Arthur RICHARDSON, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 1982.

Filed Nov. 30, 1982.

Petition for Allowance of Appeal Denied May 16, 1983.

192

Michael J. Eagen, Scranton, for appellant.

Ernest D. Preate, District Attorney, Scranton, for Commonwealth, appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

CAVANAUGH, Judge:

Appellant was found guilty of homicide by vehicle[1] and driving while under the influence[2] following a trial before the Honorable S. John Cottone of Lackawanna County, sitting without a jury. On appeal, appellant alleges several errors by the lower court. For the following reasons, we reverse the appellant's conviction for homicide by vehicle, and affirm his conviction for driving while under the influence.

On April 25, 1980, at approximately 12:10 a.m., appellant was driving his vehicle with two passengers, Ellwyn Beeman and Clarence Jennings, on the North Main Avenue entrance of the northbound Scranton expressway in Scranton, Pennsylvania. Due to construction which closed the right lane of the northbound expressway at that time, entering traffic was directed to come to a stop (as posted), before entering the left lane of the normally two northbound lanes. But appellant instead drove his vehicle to the right of a posted stop sign approximately 258 feet along the expressway's shoulder before colliding with a temporary concrete abutment. Officer Robert Williams testified that Mr. Beeman was killed in the accident. Appellant was taken to Scranton State Hospital for treatment of injuries sustained in the accident and a blood test was taken to determine his blood alcohol content. The test results indicate that appellant's blood alcohol level was 199.1 milligrams (approximately .20 percent), well above the level for legal presumption that the appellant was under the influence of alcohol. 75 Pa.C.S.A. § 1547(d). Appellant was later charged with homicide by

1. 75 Pa.C.S.A. § 3732.

2. 75 Pa.C.S.A. § 3731.

vehicle and driving while under the influence. Following appellant's conviction, the lower court denied post verdict motions and this appeal followed.

Appellant argues that the lower court erred in admitting the results of the blood alcohol test on April 25, 1980 because (1) the witness was not qualified to attest to the scientific reliability of the test and its proper administration; (2) her testimony failed to prove that the machine was approved by the Department of Health as required by 75 Pa.C.S.A. § 1547(c); (3) the Commonwealth failed to establish the chain of custody necessary for admission of evidence of this type; (4) the Commonwealth failed to establish that the blood test was ordered by a doctor for medical reasons and not performed at the request of an officer; and (5) had the appellant had the Commonwealth's answer to the application to suppress (which appellant erroneously perceives to be a Commonwealth admission that the blood test was taken at police request), the suppression hearing would have centered upon voluntary consent. However, we need not address these issues because we find the evidence, without the results of the blood test, to be sufficient to find the appellant guilty of driving while under the influence. *Commonwealth v. Slout,* 288 Pa.Super. 471, 432 A.2d 609 (1981).

The evidence, read in a light most favorable to the verdict winner, reveals that about 12:10 a.m. on April 25, 1980, the appellant had driven his 1977 AMC Javelin up the North Main Street entrance of the Scranton Expressway, traversing the expressway shoulder before crashing into a temporary concrete abutment used during highway construction. Officer Williams, responding to an emergency call, arrived on the accident scene not more than seven minutes later. Officer Williams looked into the vehicle in which appellant was sitting in the driver's position before assisting medical personnel in removing the three occupants from the vehicle. The passengers at that time were at best semi-conscious. Officer Williams stated that he immediately recognized a strong odor of alcohol on appellant's breath as he removed appellant from the vehicle. He also found seven

empty beer bottles in the vehicle. Accordingly, we find the evidence to be sufficient to find the appellant guilty of driving under the influence. *Commonwealth v. Slout, supra.*

Finally, appellant argues that the Commonwealth failed to prove that the death of Ellwyn Beeman occurred as a result of the defendant's conduct.[3] We agree.

Under the 1977 Vehicle Code, homicide by vehicle occurs when:

### § 3732. Homicide by vehicle

Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death. 1976, June 17, P.L. 162, No. 81, § 1, eff. July 1, 1977.

The Commonwealth must only establish three facts to prove homicide by vehicle:

1.) Defendant deviated from the standard of care established by the underlying Vehicle Code provision [or municipal Ordinance].

a) Defendant knew, or should have known, he engaged in the conduct claimed to be in violation of the underlying Vehicle Code provision [or municipal ordinance].

2.) A death occurred.

b) The death was, at the very least, a probable consequence of the defendant's violation of the underlying Vehicle Code provision [or municipal ordinance].

*Commonwealth v. Koch,* 297 Pa.Super. 350, 356, 443 A.2d 1157, 1160 (1982). The Commonwealth need not prove that

---

**3.** Due to our disposition of this case, we need not comment upon appellant's constitutional challenge of the homicide by vehicle statute, 75 Pa.C.S.A. § 3732, or that the Commonwealth is required to show a gross deviation from the normal standard of care to prove homicide by vehicle. See *Commonwealth v. Fields,* 490 Pa. 519, 417 A.2d 160, supra; *Commonwealth v. Koch,* 297 Pa.Super. 350, 443 A.2d 1157, supra; *Commonwealth v. Hartzell,* 282 Pa.Super. 549, 423 A.2d 381 (1981).

the defendant acted with either reckless disregard or gross negligence, but only that "defendant 'knew or should have known, he engaged in the conduct claimed to be in violation of that section.'" *Commonwealth v. Koch, supra.*

Our Supreme Court has held that the legislature, in enacting this section, intended to "expand the scope of criminal liability for violations of the Vehicle Code causing death." *Commonwealth v. Field,* 490 Pa. 519, 525 n. 4, 417 A.2d 160, 163 n. 4 (1980). "This legislative 'expansion' was accomplished not by the elimination of any of the elements of the crime of involuntary manslaughter, but by a relaxation of the degree of proof of two existing elements: culpable conduct and causation." *Commonwealth v. Houtz,* 496 Pa. 345, 348, 437 A.2d 385, 387 (1981). As in involuntary manslaughter, the Commonwealth must establish that the victim died, and that his death was a result of injuries sustained in the incident or of a chain of events stemming from the incident in order to prove homicide by vehicle. Unlike involuntary manslaughter, however, the Commonwealth need then only show that "the actor 'knew or should have known,' that he engaged in the conduct claimed to be in violation of the Vehicle Code and that at the very least, death was a 'probable consequence' of the conduct." *Id. Thus, although the homicide by vehicle statute lessens the Commonwealth's burden of proving that the defendant's illegal conduct was the legal cause of the victim's death, the Commonwealth must still prove beyond a reasonable doubt that death occurred as a result of injuries received in the incident or of a chain of events stemming from the incident. If the Commonwealth fails to prove any one of the elements, it has not established homicide by vehicle.*

*Commonwealth v. Baker,* 299 Pa.Super. 241, 247, 445 A.2d 544, 547 (1982) (emphasis added).

We find that the Commonwealth has failed to prove beyond a reasonable doubt that the victim died as a result of injuries sustained in the accident or of a chain of events stemming from the accident. The Commonwealth called

three witnesses: William Sweeney, Lackawanna County Coroner; Officer Robert Williams of the Scranton Police, and Donna Dohman, a Scranton State Hospital laboratory technician.

Mr. Sweeney testified that he had been the County Coroner since 1972. When asked whether his office had performed any duties with regard to Ellwyn Beeman, Sweeney stated it had. Defense counsel's objection to Mr. Sweeney reading from his notes absent a proper foundation was then overruled.

The direct examination of Mr. Sweeney concluded as follows:

By Mr. Krushinsky (assistant district attorney):

Q. Please continue, Coroner?

A. I received a call on the morning of April 25th from the County Medical Center that they had brought in a Mr. Beeman and he was dead on arrival. The following day in the morning of that same date, an autopsy was conducted and cause of death issued as a massive internal hemorrhage due to—

By Mr. Eagen (defense counsel):

I object, your Honor, to Mr. Sweeney testifying as to a cause of death unless it is established he can form an opinion as to the cause of death in this case.

The Court:

Have a better foundation laid for that.

By Mr. Krushinsky:

Q. Can you tell me whether or not a death certificate in this case has been issued?

A. Yes, it has been.

Q. Do you have a copy of the death certificate?

A. I have a copy of it here.

Q. May I see the copy, sir? Does your signature appear on the death certificate?

A. Yes it does.

Q. Can you tell me, again, what the cause of death was?

By Mr. Eagen:

I object your Honor, for the same reason: he has not established a foundation for Mr. Sweeney's qualifications to give a cause of death in this matter.

The Court:

The objection is sustained; the Coroner should testify as to the process that led up to the cause of death.

By Mr. Krushinsky:

Q. Did you personally perform the autopsy?

A. An autopsy was performed at my direction at the Community Medical Center on the above date; following the autopsy—I was present for it—I conferred with the pathologist and we arrived at a cause of death, which I did sign the death certificate to that effect; it is signed by myself on the date, I believe, the 26th of April.

Q. No further questions.

N.T., November 21, 1980, p. 4–5.

The cross-examination of Mr. Sweeney was limited to as follows:

By Mr. Eagen:

Q. Mr. Sweeney, someone other than yourself established the cause of death?

A. The cause of death was established at an autopsy which was done by a pathologist at my direction; I was present for it.

Q. You didn't establish it, the pathologist did, is that right?

A. Exactly.

By Mr. Eagan: No further questions.

N.T., November 21, 1980, p. 5.

Officer Williams testified that the appellant was in the driver's position of the vehicle in which Ellwyn Beeman was a passenger and "was killed in the accident." N.T., November 21, 1980, p. 8. Ms. Dohman's testimony was concerned only with the blood test of the appellant and its administra-

tion. No other testimony regarding the cause of death was admitted.

In *Commonwealth v. Embry,* 441 Pa. 183, 272 A.2d 178 (1979), our Supreme Court held that the Commonwealth had failed to prove beyond a reasonable doubt that a victim's death was caused by a criminal act because the Coroner could not state his opinion as to the cause of death with a reasonable degree of certainty. *See also Commonwealth v. Kominsky,* 240 Pa.Super. 532, 361 A.2d 794 (1976). Instantly, the Commonwealth failed to prove that Ellwyn Beeman died due to injuries sustained in the accident because it failed to qualify the Lackawanna County Coroner William Sweeney so that he could state his opinion as to the cause of death or allow the death certificate to be admitted into evidence. We need not reach the question of whether Mr. Sweeney (Lackawanna County Coroner) could have been qualified to state the cause of death of Ellwyn Beeman.[4] *Commonwealth v. Baker, supra,* (lay coroner).

Absent an indisputable cause of death, for example, to state an obvious case, decapitation, the testimony of Officer Williams is insufficient to prove that the accident was the cause of death. *Commonwealth v. Baker, supra.* The Commonwealth has failed to meet its burden of proof. Therefore, we must reverse appellant's conviction for homicide by vehicle.

Judgment of sentence for homicide by vehicle reversed; judgment of sentence for driving under the influence is affirmed.

**4.** Moreover, in *Commonwealth v. McCloud,* 457 Pa. 310, 322 A.2d 653 (1974), our Supreme Court held that the use of an autopsy report to establish the cause of death in a murder prosecution absent an opportunity for the defendant to confront and cross-examine the medical examiner who performed the autopsy was an impermissible violation of an accused's right to confront and cross-examine witnesses. Pa. Const., art. I, § 9. Instantly, Mr. Sweeney, a lay coroner, admitted that the autopsy of Ellwyn Beeman was performed by a pathologist, not the witness himself. If the use of a qualified pathologist other than the one who performed the autopsy was impermissible, the propriety of a lay coroner testifying as to the cause of death is, at a minimum, constitutionally questionable.