488 A.2d 68

COMMONWEALTH of Pennsylvania

v.

Alan D. NEISWONGER, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 23, 1984.

Filed Feb. 1, 1985.

626

Raymond H. Bogarty, Assistant Public Defender, Pittsburgh, for appellant.

James P. Epstein, Assistant District Attorney, Sharon, for Commonwealth, appellee.

Before SPAETH, President Judge, and BROSKY and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

In this case, appellant contests the admission into evidence of the opinion testimony of a police officer. The officer testified at a jury trial that, in his opinion, appellant was under the influence of alcohol "to a degree that rendered him incapable of safe driving." Appellant was convicted; the trial court denied appellant's motion for reconsideration of sentence, which was based on the theory that the testimony was inadmissible. We agree with the trial court that the testimony was admissible, and affirm the judgment of sentence.

Appellant was stopped by a police officer on May 4, 1982, in Mercer County after his car was seen speeding. Appel-

lant was requested to perform coordination tests, and in the middle of the tests, a second officer, Officer John Piatek, arrived. Officer Piatek observed that appellant performed two of the tests badly, that he smelled of alcohol, that he had slurred speech, and that he staggered and swayed. Appellant was arrested for driving under the influence of alcohol. The arresting officer, John Piatek, had not seen appellant driving.

First, we must note that the parties stipulated that the question on appeal would be as follows: [1]

> (O)fficer Piatek, being the arresting officer, was asked whether or not he could form an opinion as to whether the Defendant was under the influence to such a degree as to have a substantial impairment of his ability to drive and therefore be an unsafe driver, to which the witness answered yes, and his opinion was that the Defendant was under the influence to such a substantial degree as to be an unsafe driver. All of this was objected to by counsel for the Defendant.

Appellant concedes that testimony by non-experts on whether a person is intoxicated is admissible. *In the Interest of Wright*, 265 Pa.Super. 278, 401 A.2d 1209 (1979). Appellant contends, however, that before opinion evidence may be admitted on whether a person is so intoxicated as to be unable to drive safely, the witness must be qualified as an expert on the effect intoxication has on driving practices. We note that no cases exist on whether a witness must be qualified as such an expert to be able to testify as the officer did here.

■ We begin our analysis by noting that Federal Rules of Evidence 701 and 704 have been adopted in the Commonwealth. *Lewis v. Mellor*, 259 Pa.Super. 509, 393 A.2d 941 (1978). The rules are:

### Rule 701. Opinion Testimony by Lay Witnesses.

If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those

1. Pa.R.App.P. 1924 permits the parties to agree to a statement of the case, upon the approval of the lower court.

opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

**Rule 704. Opinion on Ultimate Issue.**

Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

Under these rules, opinion testimony is admissible as long as the witness is competent to testify—that is, as long as the witness has perceived the events upon which his opinion is based. The opinion may embrace the ultimate issue to be decided by the trier of fact.

■ Under our own case law, opinion testimony is admissible to prove a state of intoxication.[2] *In the Interest of Wright, supra.* Appellant thus would have this Court draw a line between opinion testimony on intoxication and opinion testimony on ability to drive a vehicle safely. In appellant's view, witnesses can observe a defendant's acts and speech and opine on whether he was drunk, but cannot opine on whether that degree of drunkenness was sufficient to impair driving ability.[3]

■ We think this line is too fine to see unless the viewer is using an electron microscope. The appearance of capacity of safe driving is as much a matter of common knowl-

2. Intoxication is not a condition outside the realm of understanding or powers of observation of ordinary persons. *Commonwealth v. Boerner,* 268 Pa.Super. 168, 407 A.2d 883 (1979). In all fairness, we acknowledge that expert opinions have been used as well to establish intoxication. *See, e.g., Commonwealth v. Arizini,* 277 Pa.Super. 27, 419 A.2d 643 (1980). In *Arizini,* appellant had been convicted on driving under the influence. He contested the conviction, basing his appeal on testimony that he had not appeared to the arresting officer to have been intoxicated. It was held that blood test results and the testimony of a physician that some people would not exhibit the usual signs of intoxication with such a blood alcohol level was sufficient evidence to support the conviction.

3. Appellant phrases his statement of the question involved as "Whether or not the trial court erred in permitting Officer John Piatek to testify that 'the defendant was under the influence of alcohol to a degree that rendered him incapable of safe driving,' in that this was

edge as is the appearance of intoxication. Most people who drive can tell when their ability to drive is impaired, much as they can tell when they themselves are intoxicated. We hold that a police officer, if he has perceived a defendant's appearance and acts, is competent to testify to his opinion as to the defendant's state of intoxication and to his ability to drive a vehicle safely.[4]

Accordingly, the admission of the officer's opinion was correct. The judgment of sentence is affirmed.

SPAETH, President Judge, files a concurring statement.

SPAETH, President Judge, concurring:

Appellant bases his argument on *Commonwealth v. Reynolds*, 256 Pa.Super. 259, 389 A.2d 1113 (1978). That case, however, was an expert witness case: the doctor examined the defendant some five hours after the arrest and testified, on the basis of his knowledge of the rate at which alcohol is absorbed in the body, that appellant was intoxicated at the time of the accident. This is not an expert witness case. The issue, rather, is the permissible extent of "lay" opinion, and on that issue I agree with the majority that the officer was competent to express the opinion. Although the officer testified as to the ultimate issue—that appellant was too intoxicated to drive safely—he based his opinion upon his observations of appellant.

--------

permitting an 'expert opinion' as to the defendant's guilt." We do not read the question as whether the witness was giving an "expert opinion" on appellant's guilt. The officer was not qualified as an expert in anything. The mere fact that his opinion embraced the ultimate issue—whether appellant was intoxicated to an extent that rendered him incapable of safe driving—does not mean that it could not be stated.

4. We find this Court's opinion in *Commonwealth v. Richardson*, 307 Pa.Super. 191, 452 A.2d 1379 (1982) helpful. In *Richardson*, we upheld a conviction for driving while intoxicated where the witness police officer had smelled a strong odor of alcohol upon removing appellant from the accident vehicle, and had observed seven empty beer bottles in the vehicle.