565 A.2d 496

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Ronald E. SHARPE, Appellant.**

Superior Court of Pennsylvania.

Argued May 18, 1989.

Filed Oct. 25, 1989.

James C. Blackman, Warren, for appellant.

Brian E. Chudzik, Asst. Dist. Atty., Warren, for Com., appellee.

Before BROSKY, POPOVICH and MONTGOMERY, JJ.

PER CURIAM.

At the conclusion of a jury trial, the appellant was convicted of driving under the influence of alcohol or a controlled substance, 75 Pa.C.S.A. § 3731(a)(1). Timely filed post-verdict motions were denied and the appellant was fined and sentenced to forty-eight hours to six months imprisonment. This appeal followed. The sole issue presented is whether the trial court erred when it refused to admit evidence proffered by the defense, namely the results of a blood alcohol test arranged for by the appellant himself. For the reasons which follow, we vacate the judgment of sentence and remand the matter for a new trial.

The appellant was observed operating his vehicle in an unsafe manner by deputies of the Warren County Sheriff's Office. The deputies administered two field sobriety tests which the appellant performed unsatisfactorily. He was arrested for driving under the influence and transported to Warren General Hospital. The appellant refused to submit to a blood test. The appellant was transported back to the Sheriff's Department and eventually released. Following his release, the appellant went back to Warren General

Hospital and requested that a blood alcohol test be performed. This test was performed approximately one hour after the appellant's arrest and revealed a blood alcohol level of 0.074. As noted above, the appellant unsuccessfully sought to introduce this evidence during his case in chief.

The appellant was charged with violating 75 Pa.C.S.A. § 3731(a)(1), and not § 3731(a)(4). Subsection (a)(1) prohibits a person who is "under the influence of alcohol to a degree which renders [them] incapable of safe driving" from driving or operating a motor vehicle. The trial judge sustained the Commonwealth's objection that the proffered evidence was irrelevant because the appellant was not charged with violating § 3731(a)(4), i.e. he was not charged with having any specific blood alcohol level, and because the defense did not have a physiologist present to explain how the blood alcohol content related back to the time the appellant was driving. The trial court found that § 3731(a)(1) was "grounded solely on observations, appearances, odors, et cetera." (Trial Transcript at 27)

The admission of blood alcohol test results is a matter entrusted to the discretion of the trial court. *Commonwealth v. Romesburg,* 353 Pa.Super. 215, 509 A.2d 413 (1986); *Commonwealth v. Kostra,* 349 Pa.Super. 89, 502 A.2d 1287 (1985). Therefore, unless we perceive an abuse of that discretion, we will not disturb the trial court's ruling. The party attempting to introduce the results of a blood alcohol test must show by a preponderance of the evidence that the results are admissible. *See, Commonwealth v. Baker,* 299 Pa.Super. 241, 445 A.2d 544 (1982).

In *Commonwealth v. Arizini,* 277 Pa.Super. 27, 419 A.2d 643 (1980), this Court held that so long as a blood alcohol test is indicative of a defendant's condition at a relevant time, it is admissible evidence and is subject to attack or contradiction by other competent evidence. In *Commonwealth v. Arizini,* this Court held that the results of the blood alcohol test, even though taken more than two hours after the accident leading to the appellant's arrest, was admissible. As noted by the *Arizini* court, the admis-

304

sion of blood test results when the blood was drawn four and one-half hours after the defendant's operation of a motor vehicle have been upheld. *Commonwealth v. Trefry,* 249 Pa.Super. 117, 375 A.2d 786 (1977). It is clear that the delay between operation of a motor vehicle and the drawing of the defendant's blood goes only to the weight, and not the admissibility of the test. *Commonwealth v. Arizini, supra.*

■ The absence of expert testimony relating the test results back to the time the appellant was operating the vehicle does not, in and of itself, render the test results inadmissible. *Id.* In a more recent case, *Commonwealth v. Speights,* 353 Pa.Super. 258, 509 A.2d 1263 (1986), a panel of this Court was confronted with a similar question—the Commonwealth did not offer expert testimony relating the results of the appellant's blood alcohol test (breathalyzer test as opposed to drawing blood) to the period preceding the test when the appellant was operating a motor vehicle. The panel concluded "that the Commonwealth is not *required* to offer evidence relating a blood alcohol test result back to the time of a vehicular offense and that the absence of expert testimony ... will not *render* the test result insufficient evidence upon which the fact-finder *may* convict...." *Id.,* 353 Pa.Superior Ct. at 263–64, 509 A.2d at 1266. In reaching their conclusion, the panel recognized that "the Pennsylvania legislature has not placed time restrictions on the use of blood alcohol test results but has provided a method whereby the reliability of such results can be challenged." *Id., citing,* 75 Pa.C.S.A. § 1547.

■ We find further support for our conclusion that the trial court abused its discretion in refusing to admit the appellant's proffered evidence by reading 75 Pa.C.S.A. § 1547 which pertains to chemical testing of blood. Section 1547(i) provides that "any person involved in an accident or placed under arrest for a violation of [75 Pa.C.S.A. § ]3731 may request a chemical test of his breath, blood or urine." Additionally, 75 Pa.C.S.A. § 1547(d)(2) provides:

If chemical testing of a person's breath, blood or urine shows: ... (2) That the amount of alcohol by weight in the blood of the person tested is in excess of 0.05% but less than 0.10%, this fact shall not give rise to any presumption that the person tested was or was not under the influence of alcohol, but this fact may be considered with other competent evidence in determining whether the person was or was not under the influence of alcohol.

Thus, in refusing to permit the introduction of the blood alcohol test results the court denied the appellant an opportunity to challenge the other evidence which the Commonwealth presented against him.

Accordingly, the judgment of sentence is vacated and the case remanded for a new trial.