J-A19001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARIO C. BOLOGNA | : | |
| | : | |
| Appellant | : | No. 63 MDA 2018 |

Appeal from the Judgment of Sentence October 17, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0006082-2016

BEFORE: GANTMAN, P.J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.: **FILED OCTOBER 22, 2018**

Appellant, Mario C. Bologna, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following his bench trial convictions for driving under the influence of alcohol ("DUI") and careless driving.[1] We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

> DUI REQUIRES THE DEFENDANT TO BE IN ACTUAL PHYSICAL CONTROL OF THE VEHICLE. UNDER THE *CORPUS DELICTI* RULE, A CONVICTION CANNOT BE BASED ON AN ADMISSION BY THE DEFENDANT UNLESS IT IS CORROBORATED BY INDEPENDENT EVIDENCE

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and 3714(a), respectively.

ESTABLISHING THE *CORPUS DELICTI*. DID THE TRIAL COURT ERR IN DENYING [APPELLANT'S *OMNIBUS* PRE-TRIAL MOTION] WHEN THERE IS NO INDEPENDENT EVIDENCE ESTABLISHING THE *CORPUS DELICTI*?

WHETHER THERE WAS INSUFFICIENT EVIDENCE FOR THE CONVICTION OF DUI: GENERAL IMPAIRMENT, WHEN THERE WAS NO EVIDENCE THAT [APPELLANT] WAS IN ACTUAL PHYSICAL CONTROL AS HE WAS FOUND ASLEEP IN THE PASSENGER SEAT OF THE PICKUP TRUCK?

WHETHER THE JUDGE'S FINDING OF GUILT FOR DUI: GENERAL IMPAIRMENT IS AGAINST THE WEIGHT OF THE EVIDENCE WHEN THE COMMONWEALTH DID NOT PROVE BEYOND A REASONABLE DOUBT THAT [APPELLANT] WAS IN ACTUAL PHYSICAL CONTROL OF THE PICKUP TRUCK AS NO ONE SAW HIM DRIVE THE PICKUP TRUCK?

(Appellant's Brief at 5).

Appellant argues that, under the *corpus delicti* rule, the court should have granted his omnibus pretrial motion to suppress his admission to drinking and driving because the Commonwealth failed to establish that it was more likely than not that a DUI occurred. Appellant contends no accident happened and no signs of drunk driving were present. Appellant claims the evidence only demonstrates that he was asleep in the passenger seat of his truck when it rolled into the roadway. Alternatively, Appellant reasons the court should have excluded his confession at trial because there was no evidence independent of the admission to establish that a DUI had occurred. Appellant maintains no evidence demonstrated he had ever operated or was in physical control of the truck. Rather, Appellant insists he was simply asleep in the passenger seat when the truck rolled into the road, so there was no

criminal act of DUI when he was arrested.

Appellant also alleges the evidence at trial was insufficient to find Appellant guilty of DUI because (1) there was no evidence that Appellant drove or was in physical control of the truck; (2) Appellant was asleep in the passenger seat of the truck; (3) the truck was legally parked before it rolled into the road; and (4) it was not possible to know if anyone had exited the truck while it was parked in the convenience store parking lot. For similar reasons, Appellant contends his conviction for DUI is also against the weight of the evidence. Appellant concludes this Court should vacate his conviction and/or vacate and remand for a new trial. We disagree.

We review the denial of a suppression motion as follows:

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.
>
> > [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

*Commonwealth v. Williams*, 941 A.2d 14, 26-27 (Pa.Super. 2008) (*en banc*) (internal citations and quotation marks omitted). "It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." *Commonwealth v.*

***Clemens***, 66 A.3d 373, 378 (Pa.Super. 2013) (quoting ***Commonwealth v.***

***Gallagher***, 896 A.2d 583, 585 (Pa.Super. 2006)).

"The *corpus delicti* rule is an evidentiary one. On a challenge to a trial

court's evidentiary ruling, our standard of review is one of deference."

***Commonwealth v. Herb***, 852 A.2d 356, 362-63 (Pa.Super. 2004) (internal

citations omitted).

> The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

***Commonwealth v. Dent***, 837 A.2d 571, 577 (Pa.Super. 2003), *appeal*

*denied*, 581 Pa. 671, 863 A.2d 1143 (2004) (internal citations omitted).

> Under Pennsylvania law, the application of the *corpus delicti* rule occurs in two distinct phases. The first phase involves the court's application of a rule of evidence governing the threshold question of the admissibility of the confession. In this first phase of the rule's application, the court must determine whether the Commonwealth has proven the *corpus delicti* of the crimes charged by a mere preponderance of the evidence. If the court is satisfied that, on the evidence presented, it is more likely than not that a wrong has occurred through criminal agency, then the confession and/or admissions of the defendant are admissible.
>
> The second phase of the rule's application occurs after a confession has already been admitted into evidence. After the court has made its initial determination that the Commonwealth has proved the *corpus delicti* by a preponderance of the evidence and has ruled the confession to be admissible, the *corpus delicti* rule **additionally**

requires that the Commonwealth prove to the **jury's satisfaction beyond a reasonable doubt,** the *corpus delicti* of the crimes charged.

***Commonwealth v. Ahlborn***, 657 A.2d 518, 521 (Pa.Super. 1995), *appeal denied*, 547 Pa. 713, 688 A.2d 170 (1997) (emphasis in the original). In other words, "[t]he Commonwealth need not prove the existence of a crime beyond a reasonable doubt as an element in establishing the *corpus delicti* of a crime, but the evidence must be more consistent with a crime than with [an] accident. The *corpus delicti*, or 'body of the crime,' may be proven by circumstantial evidence." ***Commonwealth v. Murray***, 174 A.3d 1147, 1154 (Pa.Super. 2017), *appeal denied*, ____ Pa. ____, 187 A.3d 204 (2018).

> Only inculpatory statements fall within the scope of the *corpus delicti* rule. Before such a statement may be admitted into evidence, the Commonwealth must establish: 1) a loss has occurred and 2) the loss occurred as a result of criminal activity. Only then may the Commonwealth introduce a statement to show that the defendant is responsible for the loss. For the purpose of admission, the *corpus delicti* may be established by a preponderance of the evidence. Moreover, the Commonwealth may establish the *corpus delicti* with circumstantial evidence.

***Herb, supra*** at 363 (internal citations and quotation marks omitted).

Under the *corpus delicti* rule, the Commonwealth may not obtain a conviction based solely on extra-judicial inculpatory statements of the accused, without independent corroboration that a crime actually occurred. ***Commonwealth v. McMullen***, 545 Pa. 361, 681 A.2d 717 (1996). "The rule is designed to guard against the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a

conviction where no crime has in fact been committed." *Id.* at 368, 681 A.2d at 721 (quotation marks omitted). The concern for error in this context is minimized in a bench trial. *See Commonwealth v. Konias*, 136 A.3d 1014, 1022 (Pa.Super. 2016), *appeal denied*, 636 Pa. 673, 145 A.3d 724 (2016) (citing *Commonwealth v. Smith*, 97 A.3d 782, 788 (Pa.Super. 2014) (reiterating general rule that trial court, sitting as trier of fact, "is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence")).

Appellate review of a claim challenging the sufficiency of the evidence is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting

*Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The following principles apply to a weight of the evidence claim:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> *Commonwealth v. Small*, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (most internal citations omitted).

Section 3802 of the Motor Vehicle Code provides:

> **§ 3802. Driving under influence of alcohol or controlled substance**
>
> **(a) General impairment.—**
>
> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.
>
> *    *    *

75 Pa.C.S.A. § 3802(a)(1). Additionally, Section 3714 states:

**§ 3714. Careless driving**

> **(a) General rule.**—Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense.

> \* \* \*

75 Pa.C.S.A. § 3714(a).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Richard A. Lewis, P.J., we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed January 30, 2018, at 3-9) (finding: **(1)** Commonwealth presented evidence at suppression hearing that Appellant's truck was blocking roadway lane of travel; Appellant was unconscious in passenger seat; no one else was near vehicle; vehicle was registered to Appellant; keys were in ignition, headlights were on, and vehicle was in neutral; when Appellant finally awoke after detective's repeated knocking, detective noticed strong odor of alcohol on Appellant, and Appellant's rolling eyes and slurred speech; evidence showed someone had operated motor vehicle while intoxicated; at this point, Appellant stated he had consumed alcohol and was driver of vehicle; Commonwealth established by preponderance of evidence at suppression hearing that drunk driving had occurred, and suppression of Appellant's confession was unwarranted; **(2-3)** evidence showed Appellant's vehicle was sitting outside of establishment that

does not serve alcohol and there was no evidence that Appellant had consumed alcohol nearby; vehicle was blocking roadway lane of travel and was illegally "parked" (in neutral gear); Appellant was sleeping in passenger seat slumped over center console, engine was running and headlights were on; vehicle was registered to Appellant; detective had difficultly waking Appellant; Appellant showed signs of visible intoxication, had strong odor of alcohol, his eyes were rolling, and he had extremely slurred speech; there was no one else around and store video surveillance did not show anyone else driving vehicle; Appellant admitted drinking and driving; court found detective's testimony credible; totality of circumstances supported inference that Appellant had driven his vehicle to store while intoxicated and was in actual physical control of vehicle at time of his arrest; sufficient evidence established Appellant was guilty of DUI and verdict did not shock court's sense of justice; Appellant's sufficiency and weight claims fail). Accordingly, we affirm on the basis of that opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2018

COMMONWEALTH OF PENNSYLVANIA    : IN THE COURT OF COMMON PLEAS

                                      : DAUPHIN COUNTY, PENNSYLVANIA

                                        :

           V.                          : DOCKET NO. 6082 CR 2016

                                        :             (63 MDA 2018)

                                        : CRIMINAL MATTER

MARIO C. BOLOGNA                      :

## MEMORANDUM OPINION

Presently before this Court is the Appeal filed in the above-captioned matter. This opinion is written pursuant to Pa.R.A.P. 1925(b).

### Procedural Background:

A bench trial was held on September 6, 2017 following which this Court found Mario C. Bologna ("Defendant") guilty of Count 1 - DUI general impairment and Count 2 – Careless Driving[1]. On October 17, 2017, Defendant was sentenced to pay costs, a fine of $300, and placed on a period of county probation for a term of six (6) months. Defendant was ordered to follow through on any recommendations that grew out of the CRN evaluation, perform 50 hours of community service, and comply with any and all conditions of a DUI sentence. Defendant's post-sentence motion was denied on December 13, 2017. A timely notice of appeal was filed on January 2, 2018. In compliance with this Court's 1925(b) order, Defendant filed a 1925(b) Statement. The basis for this appeal has been expressed by the Defendant as follows:

1. The trial court erred in denying Bologna's Omnibus Pre-Trial Motion because the Commonwealth did not establish *corpus delicti* through independent evidence. The Commonwealth was only able to prove the *corpus delicti* through the defendant's admission. Bologna's conviction cannot be based solely on his own admission, as the

---

[1] 75 Pa.C.S.A. §3802(a)(1) and 75 Pa.C.S.A. §3714, respectively. Appellant was found not guilty at Count 3 – Driving an Unregistered Vehicle. This Court took the matter under advisement and issued a ruling on September 15, 2017.

1

*corpus delicti* rule holds that "a criminal conviction may not be based on the extra-judicial confession or admission of the defendant unless it is corroborated by independent evidence establishing the *corpus delicti.*" *Commonwealth v. Ware*, 329 A.2d 258, 274 (Pa. 1974).

2.  The trial court erred in finding that the conviction for DUI, general impairment, was not against the weight of the evidence because the Commonwealth did not prove beyond a reasonable doubt that Bologna was in actual physical control of the movement of the pickup truck. Bologna was found asleep in the passenger seat of the pickup truck and no one saw him drive the truck.

3.  The trial court erred in finding evidence as to DUI, general impairment, because the Commonwealth did not present any evidence that Bologna was in actual physical control of the pickup truck.[2]

## FACTUAL BACKGROUND

The testimony at the bench trial revealed the following facts. Detective Ryan Gartland, of the Lower Swatara Township Police Department, at approximately 3:18 a.m. on September 2, 2016, was driving on routine patrol when he encountered a white Chevy Avalanche truck stopped at a 90 degree angle across the roadway blocking his lane of travel. Transcript of Proceedings, Bench Trial, September 6, 2017, pages 17-18 (hereinafter "N.T. at ___"). As Detective Gartland approached the vehicle, he realized that there was an occupant (later identified as the Defendant) slumped over in the passenger seat of the vehicle. N.T. at 19. The vehicle was in neutral, the motor was running with its headlights on. N.T. at 20-21. Detective Gartland approached the passenger side and began knocking on the door. N.T. at 21. After knocking more aggressively, the passenger finally responded and opened the door. N.T. at 22.

When the Defendant woke up, his head appeared to be rolling and it appeared he was looking around trying to figure out his surroundings. N.T. at 22. The Defendant appeared to be disoriented and his eyes were bloodshot. *Id.* Detective Gartland asked for the Defendant's driver's license, registration and insurance information. N.T. at 23. The Defendant reached toward the sun visor on the driver's side of the vehicle and had trouble retrieving this information. *Id.* Detective

---

[2] Appellant's 1925(b) Statement of Errors Complained of on Appeal, filed January 19, 2018.

2

Gartland opened the door and immediately smelled a strong odor of an alcoholic beverage coming from Defendant's breath and noticed that he had very slurred speech. N.T. at 25. Defendant told the officer that he was the only one in the car, had a few drinks of vodka, and that he (the Defendant) drove there. *Id.* Detective Gartland testified that the Defendant's eye contact was sporadic and that he had to keep a hand on the Defendant so that he would not fall over. N.T. at 26. The Detective was not comfortable having the Defendant walk around or do anything because he had to keep a hand on the Defendant to prevent him from falling over. As such, no field sobriety test was conducted. N.T. at 26. Defendant was placed under arrest and transported to the booking center. N.T. at 29. The Defendant did not submit to a blood test, was read the DL-26 form, and signed it. N.T. at 30-31.

The Commonwealth also introduced the video surveillance, through Christina Liephart, an asset protection coordinator for Turkey Hill, from the convenience store that shows the vehicle's back end in a parking lot and the rest of the vehicle blocking the lane of travel along White House Lane in Highspire, Pennsylvania. *See generally* N.T. at 5-9. The video shows the vehicle pulling into the parking lot at 1:52 a.m. and drifting out into the road about 3:04 a.m. N.T. at 13-14.[3] Detective Gartland, who testified that he watched the entire video surveillance and that there was no activity from the time the vehicle pulls into the parking lot until it begins to drift, testified that he did not see anyone exit or enter the vehicle nor did he see anyone walk in front of the headlights of the vehicle. N.T. at 14-15.

## DISCUSSION

### 1. *Corpus delicti*

The Defendant contends that the trial court erred in denying his pre-trial motion because the Commonwealth did not establish *corpus delicti* through independent evidence. To simplify,

---

[3] Portions of the video surveillance were played in court. For judicial economy, the whole video surveillance was not played.

3

the Defendant contends that the trial court erred in admitting testimony regarding his confession to driving. We disagree.

The Pennsylvania Superior Court has established the following principles:

The *corpus delicti* rule is a rule of evidence. [The Pennsylvania Superior Court's] standard of review on appeals challenging evidentiary ruling of the trial court is limited to a determination of whether the trial court abused its discretion. The *corpus delicti* rule places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted. The *corpus delicti* is literally the body of the crime; it consists of proof that a loss or injury has occurred as a result of the criminal conduct of someone. The criminal responsibility of the accused for the loss or injury is not a component of the rule. The historical purpose of the rule is to prevent a conviction based solely upon a confession or admission, where in fact no crime has been committed. The *corpus delicti* may be established by circumstantial evidence.

*Commonwealth v. Rivera*, 828 A.2d 1094, 1103-04 (Pa. Super. 2003), *appeal denied*, 842 A.2d 406 (Pa. 2004) (citation omitted). "Establishing the *corpus delicti* is a two-step process. The first is admission, which requires a showing by a preponderance of the evidence. The second is consideration by the fact-finder, which requires a showing of the *corpus delicti* beyond a reasonable doubt." *Commonwealth v. Herb*, 852 A.2d 356, 363 n.3 (Pa. Super. 2004) (citations omitted). "Under the *corpus delicti* rule, the Commonwealth was required to show, either through direct or circumstantial evidence, that Appellant drove or operated his vehicle while under the influence of alcohol." *Commonwealth v. Rivera*, 828 A.2d, 1094, 1104 (Pa. Super. 2003) *appeal denied*, 577 Pa. 672, 842 A.2d 406 (2004).

In the instant matter, the Commonwealth presented evidence at a suppression hearing held on June 1, 2017 that a white truck was blocking the lane of travel,[4] Defendant was unconscious in the passenger seat of that vehicle, no one else was walking around or near the vehicle, the vehicle was registered to the Defendant, the keys were in the ignition and the car was in neutral, and the

---

[4] Much of the same testimony presented at the Suppression Hearing was the same as the testimony presented at the Bench trial. Following the Suppression Hearing, pursuant to court order dated July 6, 2017, we found that the Commonwealth estasblished its burden of establishing *corpus delicti*.

Officer tried to knock several times on the passenger side window to wake the Defendant. When the Defendant finally opened the door, the Officer noticed a strong odor of alcohol, rolling eyes, and slurred speech. At this point, the Defendant stated that he only had a few drinks and that he was the driver of the vehicle.

Likewise, this Court finds this case similar to *Commonwealth v. Williams*, 941 A.2d 14 (Pa. Super. 2008) (holding that although the Appellant was unconscious in the backseat of her vehicle for an unknown amount of time, the Commonwealth established that the Appellant was in "actual physical control" of the vehicle) and *Commonwealth v. Kasunic*, 620 A.2d 525 (Pa. Super. 1993)(the Pennsylvania Superior Court concluded that ample evidence established the *corpus delicti* of DUI where the defendant was found lying on the side of a roadway, next to his pick-up truck, while highly intoxicated with no one else around). Here, Defendant was not legally parked and, upon discovery by a police officer, the keys were in the ignition, the car was running in neutral with its headlights on and the Defendant was apparently passed out in the passenger front seat. Additionally, no one else was near the scene when and where the Defendant was found. Detective Gartland testified that the Defendant smelled of alcohol and seemed highly intoxicated (to the point that he was unable to administer field sobriety tests due to the concern of Defendant's safety). The evidence is consistent with the fact that someone operated a motor vehicle while intoxicated. Only after this evidence was presented did the Commonwealth offer Defendant's statement that he had been drinking and driving. Thus, the Commonwealth established by a preponderance of the evidence that a crime, drunk driving, occurred, and the admission of the confession was proper. *See also Rivera, supra* at 1103-04; 75 Pa.C.S.A. §§ 3802(a)(1), (c).

2. Weight of the evidence:

In reviewing a weight claim, we are mindful of the following:

The decision of whether to grant a new trial on the basis of a challenge to the weight of the evidence is necessarily committed to the sound discretion of the trial court due to the court's observation of the witnesses and the evidence. A

5

trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice. A motion alleging the verdict was against the weight of the evidence should not be granted where it merely identifies contradictory evidence presented by the Commonwealth and the defendant. [The Superior Court's] review on appeal is limited to determining whether the trial court abused its discretion in denying the motion for a new trial on this ground.

*Commonwealth v. Chamberlain*, 30 A.3d 381, 396 (Pa. 2011) (citations omitted). "Not merely an error in judgment, an abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record." *Commonwealth v. Handfield*, 34 A.3d 187, 208 (Pa. Super. 2011) (quoting *Commonwealth v. Cain*, 29 A.3d 3, 6 (Pa. Super. 2011)). In order to prove a violation of this section, the Commonwealth must show: (1) that the defendant was the operator of a motor vehicle and (2) that while operating the vehicle, the defendant was under the influence of alcohol to such a degree as to render him or her incapable of safe driving. *Commonwealth v. Palmer*, 751 A.2d 223, 228 (Pa. Super. 2000).

As previously noted, we found the Appellant guilty of DUI under Section 3802(a)(1) which provides:

**(a) General impairment.**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

Additionally, we note that "[Subsection 3802(a)(1) is an 'at the time of driving' offense, requiring that the Commonwealth prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." *Commonwealth v. Segida*, 604 Pa. 103, 114-116, 985 A.2d 871, 879 (Pa. 2009). The Pennsylvania Supreme Court in *Segida* also set forth the following:

6

Section 3802(a)(1), like its predecessor [statute], is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving.... The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two hour time limit for measuring blood alcohol level does not apply. Blood alcohol level is admissible in a subsection 3801(a)(1) case only insofar as it is relevant to and probative of the accused's ability to drive safely at the time he or she was driving. The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol-not on a particular blood alcohol level.

*Id.* at 115–116, 985 A.2d at 879 (cited by *Teems* at 145).

Additionally, we look to the Pennsylvania Superior Court's explanation of actual physical control in *Commonwealth v. Williams*, 941 A.2d 14 (Pa. Super. 2008):

The term "operate" requires evidence of actual physical control of the vehicle to be determined based upon the totality of the circumstances. *Williams, supra* at 259. "Our precedent indicates that a combination of the following factors is required in determining whether a person had 'actual physical control' of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." *Id.* (quoting *Commonwealth v. Woodruff*, 447 Pa.Super. 222, 668 A.2d 1158, 1161 (1995)). The Commonwealth can establish that a defendant had "actual physical control" of a vehicle through wholly circumstantial evidence. *Id. See also Commonwealth v. Johnson*, 833 A.2d 260 (Pa.Super.2003) (collecting cases standing for proposition that Commonwealth may establish by totality of circumstances, defendant was driving, operating or in actual physical control of motor vehicle). Furthermore, "a police officer may utilize both his experience and personal observations to render an opinion as to whether a person is intoxicated." *Commonwealth v. Kelley*, 438 Pa.Super. 289, 652 A.2d 378,

7

382 (1994) (citing *Commonwealth v. Bowser*, 425 Pa.Super. 24, 624 A.2d 125 (1993)).

*Williams* at 27.

We now consider the totality of the circumstances in this matter as follows: (1) Defendant's vehicle was sitting outside of an establishment that does not serve alcohol and there was no evidence that the Defendant consumed alcohol nearby; 2) the vehicle was blocking the lane of travel and was illegally parked (we note that the vehicle was in neutral); 3) the Defendant was sitting in the passenger seat slumped over the center console; 4) the engine of the vehicle was running and the vehicle's headlights were on; 5) the vehicle was registered to the Defendant; 6) the Detective had a difficult time awakening Defendant; 7) Defendant showed signs of visible intoxication, had a strong odor of an alcoholic beverage coming from his breath, his eyes were rolling, and had extremely slurred speech; 8) there was no one else around nor did the video surveillance establish that there was another driver; and 9) the Defendant admitted to drinking and driving. Additionally, we found the Detective's testimony to be credible. Thus, the totality of the circumstances including the location and position of the vehicle and the running engine, support an inference that Defendant had driven his vehicle while intoxicated into the parking lot of the Turkey Hill, and that Defendant was in actual control of a motor vehicle at the time of his arrest.

Because this was a non-jury trial, the verdict clearly does not shock our sense of justice. We have had the opportunity to hear and see the evidence presented, including the video surveillance and the credible testimony presented by the detective. Here, the Commonwealth established by circumstantial evidence that the defendant was the operator of the vehicle.

3. Sufficiency of the evidence:

Prior Pennsylvania courts have set forth the standard for challenging a sufficiency of the evidence claim as follows:

> A challenge to the sufficiency of the evidence is a question of law, subject
> to plenary review. When reviewing a sufficiency of the evidence claim,

8

the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Teems*, 74 A.3d 142, 144-45 (Pa. Super. 2013) (citing *Commonwealth v. Toland*, 995 A.2d 1242, 1242 (Pa. Super. 2010))(citations omitted).

Based on the evidence as summarized above, and incorporating our reasoning under the weight of the evidence claim, there was more than sufficient evidence to establish the Defendant guilty as to DUI, general impairment.

For the foregoing reasons, it is believed that Appellant's claims of error are without merit.

BY THE COURT:

_____
Richard A. Lewis, President Judge

**MEMORANDUM DATE:** Jan. 30 ,2018

Distribution:
Dauphin County District Attorney's Office – Ryan Lysaght, Esquire (Appeal)
Justin J. McShane, Esquire – 3601 Vartan Way, 2nd Floor, Harrisburg, PA 17110
Court Administration – Criminal
Pennsylvania Superior Court, Prothonotary
Dauphin County Clerk of Courts
FILE COPY- Judge Richard A. Lewis

9